# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURA VARGAS,**

        **Plaintiff,**

**-vs-**                                                    **Case No. 6:04-cv-599-Orl-JGG**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

## ORDER

This cause came on for oral argument on December 6, 2004 on the following motion:

> **MOTION:** **MOTION TO DISMISS (Docket No. 9)**
>
> **FILED:** **August 2, 2004**
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

### I. Background

For the purposes of resolving the Commissioner's motion to dismiss, the Court assumes as true the following facts[1]. On December 10, 2001, Plaintiff Laura Vargas[2] ["Vargas"], filed applications for Disability Insurance Benefits and Supplemental Security Income. The Commissioner of Social

---

[1] Except as otherwise noted, the facts in this section are taken from the "Declaration of Jean-Claude Aumont" and accompanying documents. *See* Exhibit to Commissioner's Motion to Dismiss, Docket No. 9. Aumont is an Acting Chief of Court Case Preparation for the Commissioner, and the documents accompanying the declaration come from the Plaintiff's administrative case file.

[2] Throughout the course of the proceedings below, the Plaintiff listed her name as "Laura Isabel Almodovar." The Complaint filed in this Court, however, lists her name as Laura Vargas. Docket No. 1. For simplicity's sake, the Court will refer to her as "Vargas" throughout this opinion.

Security ["Commissioner"] denied her claims on initial review. On April 29, 2002, Vargas filed a request for reconsideration. On September 20, 2002, the Commissioner again denied her claims. On the initial applications and on the request for reconsideration, Vargas listed her address as "P.O. Box 721836, Orlando, FL 32872." The Post Office returned some notices sent to that address marked "Attempted - Not Known," but it appears from the record that Vargas received at least some notices via that address.

On December 10, 2002, Vargas filed a "Request for Hearing by Administrative Law Judge" form. On this form, her address was listed as "P.O. Box 321836," rather than "P.O. Box 721836."[3] On February 7, 2003, the Social Security Administration ["SSA"] mailed a hearing notice to Vargas at P.O. Box 321836. The Post Office returned the notice, marked "Attempted - Not Known." On June 16, 2003, Administrative Law Judge Chester G. Senf (the "ALJ") found without a hearing that Vargas had changed addresses without notifying the SSA or the ALJ, and had therefore abandoned her claim. The ALJ's Notice of Dismissal was mailed to the P.O. Box 321836 address.

On November 6, 2003 — well outside the 60-day deadline for filing such a request — Vargas sought review of the ALJ's decision by filing a form with the Office of Hearings and Appeals. On the address line of that form, Vargas listed "P.O. Box 721836." She also wrote in the form that she was seeking review of the ALJ's decision because she "did not receive any notices from Social Security." Docket No. 9, Exhibit 10.

On March 23, 2004, the Appeals Council dismissed Vargas' request for review as untimely. The Appeals Council reviewed Vargas' administrative file and noted that it contained numerous pieces

---

[3] At the hearing on this matter, Vargas' attorney suggested that the hearing request form may have been filled out by someone other than Vargas and that the "321836" number was a scrivener's error.

of returned correspondence mailed to both the P.O. Box 721826 and P.O. Box 321826 addresses. The Appeals Council concluded that Vargas had failed to keep the Commissioner properly apprised "of her whereabouts and her mailing address" and found that there was no good cause for extending the 60-day deadline that Vargas had missed. The Appeals Council noted that its dismissal of the request for review meant that the determination dated September 20, 2002 — i.e., the denial upon reconsideration of her initial claim — stood as "the final decision of the Commissioner".

On April 26, 2004, Vargas — now represented by counsel — filed her complaint in this court, seeking review of the Commissioner's decision to deny benefits and appealing the Appeals Council's decision to deny review of her claim. Docket No. 1. On August 2, 2004, the Commissioner of Social Security moved to dismiss the complaint on the ground that this Court lacked subject matter jurisdiction. Docket No. 9. On September 2, 2004, Vargas responded to the motion to dismiss. Docket No. 11. On October 12, 2004, the parties consented to final disposition before the undersigned. On December 6, 2004, this Court heard argument of counsel on the Commissioner's motion to dismiss. On December 21, 2004, the Commissioner filed a supplemental brief [Docket No. 25] regarding the constitutional issues raised by Vargas on appeal.

**II.     The Issue**

The Commissioner moves to dismiss this appeal on the ground that this Court lacks subject matter jurisdiction over Vargas' challenge of the decisions of the ALJ and the Appeals Council. The Commissioner contends that neither was a "final decision" made after a "hearing" as those terms are used in Section 405(g). Vargas contends that the law entitles her to a Section 405(g) judicial review of the Commissioner's dismissal of Vargas's claims without a hearing because the Commissioner

violated her Fifth Amendment right to due process. This Court has jurisdiction under Section 405(g) to review the Commissioner's dismissal of Vargas's claim.

**III.    The Law**

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). They possess only those powers authorized by the Constitution and statute. Courts must presume that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*

This Court's jurisdiction to review decisions of the Commissioner is governed by 42 U.S.C. § 405, which provides in pertinent part that

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g). Section 405(g) provides the sole avenue for judicial review of denials of Social Security claims, as Section 405(h)[4] precludes other bases of jurisdiction, such as federal-question jurisdiction. *Matthews v. Eldridge*, 424 U.S. 319, 327 (1976).

The case law supports Vargas's assertion of jurisdiction. Section 405(g) permits the district court to resolve constitutional questions raised by a claimant seeking review of a decision of the Secretary — even if the decision at issue was neither final nor made after a hearing. In *Califano v. Sanders*, 430 U.S. 99 (1977), a claimant filed suit to reopen a prior final decision denying him

---

[4] 42 U.S.C. § 405(h) provides, in pertinent part, that "[n]o action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter."

benefits. Because a motion to reopen a claim can be decided without a hearing, the Commissioner argued that the courts had no jurisdiction under Section 405(g) to review it. *Id.* at 107 - 08. The claimant pointed to two earlier Social Security cases in which the Supreme Court found jurisdiction to exist despite the lack of a Section 405(g) hearing — *Weinberger v. Salfi*, 422 U.S. 749 (1975) and *Mathews v. Eldridge*, 424 U.S. 319 (1976) — and argued that the lack of a hearing should not bar judicial review in his case. *Sanders*, 430 U.S. at 107 - 08.

The Supreme Court rejected this view, distinguishing *Salfi* and *Eldridge* on the ground that they involved constitutional challenges, which provided jurisdiction under Section 405(g):

> Constitutional questions are obviously unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions. Furthermore, since federal-question jurisdiction under 28 U.S.C. § 1331 is precluded by [Section 405(h)], a decision denying [Section 405(g)] jurisdiction in *Salfi* or *Eldridge* would effectively have closed the federal forum to the adjudication of colorable constitutional claims. Thus those cases merely adhered to the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed, and we will not take the extraordinary step of foreclosing jurisdiction unless Congress' intent to do so is manifested by clear and convincing evidence.

*Sanders*, 430 U.S. at 109 (internal citations and quotations omitted). The claimant in *Sanders* had not challenged the Commissioner's decision on constitutional grounds, and therefore the Supreme Court found that jurisdiction was lacking. *Sanders*, 430 U.S. at 109.

In *Penner v. Schweiker*, 701 F.2d 256 (3d Cir. 1983), the United States Court of Appeals for the Third Circuit considered an appeal by a Social Security claimant whose case had been dismissed without a hearing. The claimant had failed to appear after an alleged failure of notice. The Third Circuit found that the claimant raised a constitutional due process issue, and therefore found federal subject matter jurisdiction to review the claims. Even where the district court has jurisdiction to

review and determine whether the Appeals Council acted arbitrarily or unreasonably in dismissing an out-of-time request for review, however, the district court may not have jurisdiction to proceed to review the merits of the ALJ's decision. *Waters v. Massanari*, 184 F. Supp.2d 1333 (N. D. Ga. 2001); *accord, Powell v. Apfel*, Slip Op. Case No. 8:00-cv-569-T-30(B) (unpublished decision Dec. 11, 2000)(Docket Nos. 19, 20).

**IV.     Application**

Vargas seeks judicial review under 42 U.S.C. § 405(g) of the decision of the Commissioner denying disability benefits. This Court has subject matter jurisdiction over Vargas's appeal. Vargas told the Appeals Council that she sought review of the ALJ's adverse decision because she "did not receive any notices from Social Security." Docket No. 9, Exhibit 10. At the hearing on the Commissioner's motion to dismiss the complaint in district court, counsel for Vargas articulated her "due process" argument. The gravamen of Vargas's argument is a failure of notice and the absence of an opportunity to be heard — the very definition of a due process challenge. *See*, *e.g.*, *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976) (stating that "[t]he fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner"). Moreover, Vargas also argues that the Appeals Council acted unreasonably in dismissing her appeal where she had shown "good cause" within the meaning of the regulations for not appealing in a timely manner. Docket No. 11 at 2 - 3. Although the Commissioner disputes the factual merits of Vargas' claim, Docket No. 25, she makes no argument that Vargas has failed to raise a colorable constitutional and arbitrariness challenge, or that she has waived those claims.

### V.     Conclusion

Vargas' due process and arbitrariness challenge may be determined to lack substantive merit. Nevertheless, the Commissioner is incorrect that the law of this circuit denies Vargas an opportunity for judicial review of her claim. This Court has subject matter jurisdiction to review Vargas's claim that the Appeals Council erred in denying review. It is therefore

**ORDERED** that the Commissioner's Motion to Dismiss is **DENIED**. It is further

**ORDERED** that on or before June 2, 2005, any party desiring relief in this forum shall file an appropriate motion — whether for voluntary remand, summary judgment, evidentiary hearing, or otherwise — accompanied by a supporting memorandum and a certificate of compliance with Local Rule 3.01(g) where appropriate.

**DONE** and **ORDERED** in Orlando, Florida on May 10, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record